UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00463-TWP-DLP |
| | ) |
| VETERANS CANTEEN SERVICE, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss for Failure to State a Claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Veterans Canteen Service ("VCS") ([Filing No. 19](#)). *Pro se* Plaintiff John Morgan ("Morgan") initiated this action, seeking reimbursement for expenses he incurred on behalf of VCS and relocation expenses. For the following reasons, the Court **grants** VCS's Motion to Dismiss.

### I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Morgan as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

VCS is part of the Department of Veteran Affairs and "is an instrumentality of the United States, created for the primary purpose of making available to veterans of the Armed Forces who are hospitalized or domiciled in hospitals and homes of the Department, at reasonable prices, articles of merchandise and services essential to their comfort and well-being." 38 U.S.C. § 7801.

Congress has authorized the appropriation of federal funds "from time to time," "[t]o finance the establishment, maintenance, and operation of [VCS]." 38 U.S.C. § 7804.

Morgan worked for VCS. He was asked to travel to Texas for training and was told that he would be reimbursed for travel expenses. He traveled for this training but was never reimbursed for his expenses. He parked his car and it was left in storage for the month her was gone. Morgan was told VCS would reimburse the storage fee, but they did not. On another occasion, Morgan incurred work expenses on behalf of VCS when he purchased a freezer and other products for use at a VCS canteen. However, Morgan was not reimbursed by VCS for purchasing these items. Finally, Morgan moved to Las Vegas, Nevada to work at a different VCS location. He incurred expenses for this relocation, but VCS did not reimburse Morgan for his relocation expenses (Filing No. 1 at 2–4).

On February 16, 2018, Morgan initiated this lawsuit against VCS and asserted a claim for money damages, requesting payment of $5,458.00 plus 21% interest for the work expenses he incurred and for travel and relocation reimbursement. *Id.* at 4. On June 29, 2018, VCS filed its Motion to Dismiss, asserting sovereign immunity and a lack of subject matter jurisdiction (Filing No. 19).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court notes that:

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

## III. DISCUSSION

Morgan contends that VCS should pay money damages to him for VCS's failure to reimburse travel, relocation, and other work-related expenses. In response, VCS argues that Morgan's claim for money damages is barred because "[a]bsent a waiver of sovereign immunity, the Court lacks subject matter jurisdiction over claims for money damages against the United States and its agencies." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Absent a waiver of sovereign immunity, the Court lacks subject matter jurisdiction over claims for money damages against the United States and its agencies. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Any waiver of sovereign immunity "must be unequivocally expressed in statutory text" and cannot be implied. *Lane v. Pena*, 518 U.S. 187, 192 (1996). The plaintiff bears the burden of establishing that any waiver of sovereign immunity encompasses his claim. *See Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002). To maintain a viable claim against the United States or its agencies in federal court, a plaintiff must identify both a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action. *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002). The plaintiff's failure to satisfy either of these requirements mandates the dismissal of his claim. *Id.*

VCS notes that is has not waived its sovereign immunity and argues that, on its face, Morgan's Complaint fails to identify a plausible basis, statutory or otherwise, for subject matter jurisdiction or a federal law that waives the sovereign immunity of the United States and its

agencies to be subjected to a suit for money damages. VCS asserts that these failures are fatal to Morgan's claims and justify the dismissal of his Complaint.

In response to the Motion to Dismiss, Morgan reasserts the allegations of his Complaint, explaining that he indeed was an employee of VCS and incurred expenses on behalf of VCS— purchasing products, traveling to an employee training, and relocating to a different work location. (Filing No. 30 at 2.) He alleges he was never reimbursed for these expenses, and he asserts that he has a "rightful claim" and a "righteous claim." (Filing No. 22 at 3, 4.)

Morgan argues this Court has subject matter jurisdiction because he is suing a federal agency and "his claim is less than [$]10,000." (Filing No. 30 at 1.) He additionally argues that his claim is for "breach of contract." (*Id.* at 2.) Morgan states, "I may be wrong but I also believe [the] contract disputes act is [an] act that governs all procurement contract[] disputes regarding government asking that you do something then not paying you for it." *Id*. Although Morgan's fill-in-the-blank complaint form had the box checked for jurisdiction based on a state law claim between citizens of different states (Filing No. 1 at 4), it appears that Morgan is asserting jurisdiction under 28 U.S.C. § 1346 and claiming a waiver of sovereign immunity pursuant to the Contract Disputes Act of 1978 (Filing No. 30 at 1–2).

Congress has provided in 28 U.S.C. § 1346 that the federal "district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2). However, this subsection further states, "the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States . . . which are subject to sections 7104(b)(1) and 7107(a)(1) of title 41." *Id.*

Claims brought pursuant to "sections 7104(b)(1) and 7107(a)(1) of title 41," for which the federal district courts do not have jurisdiction, fall under the Contract Disputes Act of 1978 ("CDA"), which is codified at 41 U.S.C. §§ 7101–7109. Thus, while it appears that Morgan is bringing his "breach of contract" claim under the CDA and asserting a waiver of sovereign immunity pursuant to the CDA, it is clear that "the district courts shall not have jurisdiction" for such a claim. 28 U.S.C. § 1346(a)(2).

The CDA, which concerns public contracts, applies to any express or implied contract made by an executive agency for the procurement of property or the procurement of services. 41 U.S.C. § 7102. Under the CDA, a claim asserted by a "contractor" against the federal government relating to a contract dispute must first be submitted in writing to a "contracting officer" for an administrative decision. 41 U.S.C. § 7103. If the contractor does not agree with the contracting officer's decision, the contractor may appeal the decision to the agency board, 41 U.S.C. § 7104(a), or the "contractor may bring an action directly on the claim in the United States Court of Federal Claims." 41 U.S.C. § 7104(b). Under the CDA, when an agency board considers an appeal and issues a decision, the contractor may appeal the agency board's decision to the United States Court of Appeals for the Federal Circuit. 41 U.S.C. § 7107(a)(1)(A). There are no allegations that Morgan followed these procedures for pursuing a CDA claim, and in any event, such a claim is properly brought before the United States Court of Federal Claims or the United States Court of Appeals for the Federal Circuit, rather than before a District Court.

If Morgan simply is pursuing a claim for money damages against a federal agency, and not bringing a CDA claim, he has failed to show a waiver of sovereign immunity. Under either theory, Morgan has failed to plead a claim upon which relief can be granted. Thus, dismissal of this action is appropriate.

## IV. CONCLUSION

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Although Morgan may be entitled to reimbursement for his work-related expenditures, for the reasons stated above, the district court is unable to grant the relief sought. VCA has not waived its sovereign immunity and Morgan's CDA claim is not properly brought in this court. Accordingly, Veterans Canteen Service's Motion to Dismiss for Failure to State a Claim ([Filing No. 19](#)), is **GRANTED** and this action is **dismissed with prejudice**. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 10/26/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

John Morgan
117 Fountain Lake Drive
Greenfield, Indiana 46140

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE
Gina.Shields@usdoj.gov